UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE SANCHEZ,<br><br>              Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | No.  2:13-cv-0786-KJN<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1]  In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from July 5, 2010, plaintiff's amended alleged disability onset date,[2] through the date of the final administrative decision.  (ECF No. 16.)  The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment.  (ECF No. 19.)  Thereafter, plaintiff filed a reply brief.  (ECF No. 20.)

---

[1] This action was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 5, 8.)

[2] Plaintiff initially alleged in his application a disability onset date of August 31, 2008, but later amended the onset date to July 5, 2010.  (Administrative Transcript 22.)

1

For the reasons that follow, the court grants plaintiff's motion for summary judgment in part, denies the Commissioner's cross-motion for summary judgment, and remands the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

I.   BACKGROUND

Plaintiff was born on April 26, 1958, attended high school through the tenth grade, does not have a GED, and previously worked as a telephone line splicer technician and as a casino surveillance monitor.[3]  (Administrative Transcript ("AT") 40-41, 81.)  On July 11, 2010, plaintiff applied for DIB, alleging that he was unable to work as of August 31, 2008.  (AT 22, 175-83.)  Plaintiff later amended his alleged onset date to July 5, 2010.  (AT 22.)  On November 21, 2010, the Commissioner determined that plaintiff was not disabled.  (AT 91-95.)  Upon plaintiff's request for reconsideration, the determination was affirmed on March 11, 2011.  (AT 96-103.)  Thereafter, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on February 24, 2012, and at which plaintiff (represented by counsel) and a vocational expert ("VE") testified.  (AT 37-87.)

In a decision dated March 14, 2012, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, from July 5, 2010, plaintiff's amended alleged onset date, through the date of the ALJ's decision.  (AT 22-31.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 1, 2013.  (AT 1-6.)  Thereafter, plaintiff filed this action in federal district court on April 22, 2013, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

II.   ISSUES PRESENTED

Plaintiff raises the issues of (1) whether the ALJ erred in according "little weight" to the opinion of Dr. J. Rod McGinnis, an examining chiropractor, on the sole basis that Dr. McGinnis was not an acceptable medical source under the regulations; (2) whether the ALJ erred in finding that plaintiff had no severe mental impairment at Step Two; (3) whether the ALJ failed to give

---

[3] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

legally sufficient reasons for rejecting the medical opinion of plaintiff's treating physician Dr. Natalya Shutman; and (4) whether the ALJ erred by failing to state how he weighed the opinion of Dr. Troy Ewing, an examining psychologist, when assessing plaintiff's residual functional capacity ("RFC").

III.   LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.   DISCUSSION

   A.   Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[4]  At the first step, the ALJ concluded that plaintiff had not

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step

engaged in substantial gainful activity since July 5, 2010, plaintiff's alleged onset date. (AT 24.) At step two, the ALJ determined that plaintiff had the following severe impairment: "musculoskeletal limitations secondary to low back pain." (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 25.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") for the relevant time period as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a). However, he is limited to no climbing of ladder/rope/scaffolds. Moreover, he should avoid concentrated (sic) to cold temperatures due to aggravation of back pain.

(AT 25.)

At step four, the ALJ found that plaintiff was able to perform past relevant work as a surveillance agent. (AT 30.) Finally, at step five, the ALJ also found that considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could also have performed, including the representative occupation of cashier II. (AT 30-31.)

---

three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

Accordingly, the ALJ concluded that plaintiff had not been under a disability as defined in the Act from July 5, 2010, through the date of the ALJ's decision. (Id.)

B. <u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

1. *The ALJ Erred by Assigning "Little Weight" to the Opinion of Dr. McGinnis on the Sole Basis that Dr. McGinnis was Not an Acceptable Medical Source*

Plaintiff first argues that the ALJ improperly accorded "little weight" to the opinion of Dr. McGinnis, plaintiff's examining chiropractor, on the basis that Dr. McGinnis was "not an acceptable medical source." (ECF No. 16 at 12-14.) The court agrees with plaintiff that the ALJ erred in providing such a reason for dismissing Dr. McGinnis' opinion.

Dr. McGinnis provided plaintiff with a consultative physical examination on April 18, 2011. (AT 477-79.) During this examination, Dr. McGinnis reviewed roughly 30 years' worth of reports and records from plaintiffs' previous doctors, starting with records dating back to 1976, which indicated that plaintiff suffered spinal injuries over the course of the past several decades and has undergone several back surgeries as a result of those injuries. (AT 477.) Dr. McGinnis also performed his own examination consisting of a number of orthopedic and neurological tests. (AT 478.) During this examination, Dr. McGinnis noted that plaintiff exhibited pain and limited mobility in his lower back area when engaging in these tests. (Id.) Based on plaintiff's prior medical records and his own examination, Dr. McGinnis diagnosed plaintiff with the following: "lumbar degenerative disc disease, lumbar stenosis, lumbar posterior fusion, post-surgical syndrome, segmental dysfunction - multiple levels, spinal cord compression, [and] radicular neuralgia." (AT 478.) Dr. McGinnis further opined that plaintiff's back impairments caused him to be disabled, that this condition would likely continue to worsen over time, and that plaintiff's pre-existing back issues "such as stenosis, disc injury, previous injuries, and surgeries all play a part in [plaintiff's] disability and contribute to it." (Id.)

As a chiropractor, Dr. McGinnis qualifies as an "other source" under the Social Security Administration's regulations. See 20 C.F.R. § 404.1513(d)(1) (expressly including chiropractors as an "other source"). Although an ALJ may give more weight to an opinion of an "acceptable

5

medical source" over an "other source," see 20 CFR § 416.927; Gomez v. Chater, 74 F.3d 967, 970-71 (9th Cir. 1996), the ALJ may not completely disregard an opinion from an "other source" merely because it is not an "acceptable medical source." See Social Security Ruling ("SSR")[5] 06-03p4 ("[T]here is a requirement to consider all relevant evidence in an individual's case record . . . ."); see also Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (noting that regulations require an ALJ to "consider observations" even "by non-medical sources"); Acevedo ex rel. A.A. v. Astrue, 2010 WL 1994661 (C.D. Cal. May 17, 2010) (unpublished) (finding the ALJ in error and remanding case for further review when the ALJ failed to consider the report of an examining therapist, whose opinion constituted "another source" under the regulations). As the Commissioner has recognized, "the case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity . . . [T]he adjudicator generally should explain the weight given to opinions from these 'other sources[.]'" SSR 06-03p. "Although [the regulations] do not address explicitly how to evaluate evidence (including opinions) from 'other sources,' they do require consideration of such evidence when evaluating an 'acceptable medical source's' opinion." Id. The ALJ may discount testimony from these "other sources" if the ALJ "'gives reasons germane to each witness for doing so.'" Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 (9th Cir. 2010)); Meza v. Astrue, 2012 WL 5874461, at *3 (C.D. Cal. Nov. 20, 2012) (unpublished) (citing Molina, 674 F.3d at 1111) ("Statements from 'other sources' are competent evidence that an ALJ must take into account, unless he expressly determines to disregard such evidence and gives reasons germane to each witness for doing so.").

////

---

[5] The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy." Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although "SSRs do not carry the 'force of law,' . . . they are binding on ALJs nonetheless. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009) (citation omitted). Social Security rulings "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

As noted above, the ALJ assigned "little weight" to Dr. McGinnis' opinion. (AT 29.) The ALJ's only stated reason for doing so was because Dr. McGinnis "is not an acceptable medical source per SSR-06-03p." (Id.) This reasoning was in error. While it is true that a chiropractor is not an "acceptable medical source" under the regulations, see 20 C.F.R. § 404.1513, by discounting Dr. McGinnis' opinion solely on this basis, the ALJ essentially declined to even consider any of Dr. McGinnis' findings in connection with evaluating plaintiff's RFC. This determination was contrary to the relevant regulations and the Commissioner's own rulings. 20 C.F.R. § 404.1513(d)(1) (stating that the Commissioner will "use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work."); SSR-06-03p ("[T]here is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' . . . the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."); see also 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); Pfeiffer v. Astrue, 576 F. Supp. 2d 956, 963 (W.D. Wis. 2008) (The commissioner's contention that the administrative law judge could disregard Hainz's opinions because she was not an "acceptable medical source" is contrary to the commissioner's regulations and Social Security Ruling 06-03p, which provide that evidence from "other sources" such as therapists must be considered because such evidence can establish the severity of an impairment and its effects on the claimant's ability to function.").

Moreover, even though the ALJ may have technically "considered" Dr. McGinnis' opinion by briefly summarizing Dr. McGinnis' findings and assigning them "little weight" (AT 28-29), the ALJ's reasoning that Dr. McGinnis is not an "acceptable medical source" under the regulations is not a germane reason for the ALJ to reject this opinion. See Molina, 674 F.3d at 1111. If an ALJ were able to dismiss such a source merely because he or she is not an

1   "acceptable medical source," then an ALJ could mechanically dismiss any non-acceptable
2   medical source no matter how probative it may be of the severity of the claimant's impairments
3   or how those impairments affect the claimant's ability to work.  Such reasoning is contrary to the
4   regulations' requirement that the ALJ consider such medical evidence in determining "the
5   severity of [the claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20
6   C.F.R. § 404.1513(d)(1); see also Acevedo ex rel. A.A., 2010 WL 1994661, at *3 (citing SSR 06-
7   03p) ("[T]he ALJ may not completely disregard an opinion from an 'other source' merely
8   because it is not an 'acceptable medical source.'"); Pfeiffer, 576 F. Supp. 2d at 963.

9         The Commissioner argues in her cross-motion for summary judgment that "[t]he ALJ
10  gave little weight to Dr. McGinnis because his report did not comport with the overall medical
11  evidence."  (ECF No. 19 at 8.)  However, a review of the ALJ's opinion reveals that the ALJ did
12  not state that he rejected Dr. McGinnis' opinion because his opinion conflicted with the other
13  medical evidence in the record.  To the contrary, the only reason stated in the ALJ's opinion was
14  that Dr. McGinnis was not an acceptable medical source.  The court can only rely on reasons
15  actually advanced by the ALJ in dismissing Dr. McGinnis' opinion.  Bray v. Comm'r of Soc. Sec.
16  Admin., 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law
17  require us to review the ALJ's decision based on the reasoning and factual findings offered by the
18  ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been
19  thinking."); SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) ("[I]n dealing with a determination
20  or judgment which an administrative agency alone is authorized to make, [courts] must judge the
21  propriety of such action solely by the grounds invoked by the agency.  If those grounds are
22  inadequate or improper, the court is powerless to affirm the administrative action by substituting
23  what it considers to be a more adequate or proper basis.").

24        Furthermore, to the extent that the Commissioner relies on the ALJ's reasoning used to
25  support his overall RFC determination to argue that the ALJ properly rejected Dr. McGinnis'
26  contrary opinion, such an argument is flawed.  In order to discount an opinion proffered by an
27  "other source," an ALJ must provide "reasons *germane to each witness* for doing so.'" Molina,
28  674 F.3d at 1111 (emphasis added).  The ALJ's general reasons for coming to his RFC

conclusion were not related to his accordance of "little weight" to Dr. McGinnis' opinion. Accordingly, such general reasoning cannot be used as a basis for rejecting Dr. McGinnis' opinion.

For the reasons stated above, the only reason advanced by the ALJ in support of his decision to accord "little weight" to Dr. McGinnis' opinion was improper; therefore, the ALJ's consideration of Dr. McGinnis' opinion was in error.

### 2. *The ALJ's Error Was Not Harmless; Therefore, Remand is Warranted for Reconsideration of Dr. McGinnis' Report*

Because the court finds that the ALJ erred in failing to credit or properly reject Dr. McGinnis' opinion, it must next determine whether that error was harmless. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error analysis applicable in judicial review of social security cases). For the reasons stated below, the court finds that the ALJ's error was not harmless, thus warranting remand.

Here, the ALJ determined that plaintiff had the RFC to only engage in the full range of sedentary work, the lowest work capacity recognized in the regulations before the Commissioner must find a claimant disabled, see 20 C.F.R. § 404.1567, and that plaintiff's back impairment caused even further limitations regarding climbing and ambient temperature. (AT 25.) Dr. McGinnis' report is relevant to the issue of the severity of plaintiff back impairment because it suggests that plaintiff's back injury caused greater limitations than even the borderline-disabled limitations that the ALJ determined was caused by plaintiff's back pain. While the ALJ was not required to give any special significance to Dr. McGinnis' finding that plaintiff was disabled, see 20 C.F.R. § 416.927(e); Montijo v. Sec'y of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984), the ALJ still needed to either consider or properly reject Dr. McGinnis' examination findings indicating that the limitations imposed by plaintiff's back impairment was more severe than the ALJ's RFC findings. See 20 C.F.R. § 404.1513(d)(1) (stating that the opinion of an "other source" should be considered as evidence with respect to "the severity of [a claimant's] impairment(s) and how it affects [a claimant's] ability to work.").

////

Given the ALJ's own RFC determination indicating that plaintiff RFC sits very near the borderline between disability and non-disability, if the ALJ had given credit to Dr. McGinnis' opinion, this analysis may have pushed the weight of the evidence on this question to favor disability. Likewise, if the ALJ had credited Dr. McGinnis' opinion, it may have changed the result reached by the agency's Vocational Expert in evaluating whether plaintiff could successfully work in his prior position as a casino surveillance monitor, or in any job in the national economy. Nevertheless, even in light of these possibilities, the court expresses no opinion regarding how the evidence should ultimately be weighed upon remand within the confines of the applicable law. If the ALJ finds that there is a germane reason for discounting Dr. McGinnis' opinion that is not related to the mere fact that Dr. McGinnis is not an "adequate medical source," then the ALJ may expressly state that reason for according little credit to Dr. McGinnis' opinion. Similarly, the ALJ may still find that plaintiff's RFC renders him not disabled even when Dr. McGinnis' opinion is taken into consideration. Nevertheless, the ALJ must review this case again and either consider Dr. McGinnis' opinion or give adequate reasons for discounting it.

While plaintiff argues that the court should remand this case for payment of benefits, the court declines to do so because such an award is only appropriate where "no useful purpose would be served by further administrative proceedings," "the record has been thoroughly developed," and "there are no outstanding issues that must be resolved before a proper disability determination can be made." Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399, 1401 (9th Cir. 1988). As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to reconsider Dr. McGinnis' opinion for the reasons noted above. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision. On remand, the ALJ is also free to develop the record in other respects, if deemed appropriate.

////

3. *Other Issues*

In light of the court's conclusion that the case must be remanded for further analysis of Dr. McGinnis' opinion, the court declines to reach the remaining issues. However, the court takes note of the fact that the ALJ did not state in his opinion whether he accorded any weight to the medical opinion of Dr. Ewing, an examining psychologist, when considering plaintiff's RFC. Plaintiff contends in his motion for summary judgment that this omission also resulted in prejudicial error. (ECF No. 16 at 21-22.) While an ALJ "need not discuss all evidence presented to her, . . . "she must explain why 'significant probative evidence has been rejected.'" Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984). Although the court does not express any opinion at this time regarding whether Dr. Ewing's opinion was significant probative evidence in favor of a finding that plaintiff was disabled or whether ALJ erred in not stating what, if any, weight he gave to this opinion, on remand, the ALJ should also address this evidence and expressly state the weight he has assigned to Dr. Ewing's opinion with regard to plaintiff's RFC. On remand, the ALJ will have an opportunity to further consider and address the medical opinions in the record and plaintiff's testimony in context of the record as a whole.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is GRANTED IN PART.

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is DENIED.

3. The action is remanded for further proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).

4. Judgment is entered for plaintiff.

IT IS SO ORDERED.

Dated: September 19, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11